**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

THOMAS E. HOPKINS, III,
                    Appellant,

            v.

DEPARTMENT OF JUSTICE,
                    Agency.

DOCKET NUMBER
DE-3443-16-0406-I-1

DATE: October 13, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Thomas E. Hopkins, III</u>, Fargo, North Dakota, pro se.

<u>Julia Lehning</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[*]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant was selected for a GS-11 Human Resources Specialist position in Fargo, North Dakota. Initial Appeal File (IAF), Tab 1 at 8. On June 13, 2016, the agency sent him an email containing a "formal offer" and informed him that someone would be in touch with him concerning a background check. *Id.* Less than 15 minutes later, the agency's District Office Security Manager sent the appellant an email to begin the background investigation process. IAF, Tab 9 at 31-32. This email stated "Prior to your start date, your background must be completed." *Id.* at 32. In a follow-up email dated that same day, the Security Manager stated:

> I [realize] your desired start date is July 10th; however, the background investigation process to obtain a prehire waiver that is required for you to start prior to the actual investigation completion takes approximately four to six weeks. The actual background investigation takes four to six months to complete. . . . July 10, 2016 is not a set in stone start date, it's a desired date[;] please do not make plans to start on that date until you hear further from me.

*Id.* at 36. Two weeks later, when the agency began to arrange the appellant's release from his employing agency (the Department of Veterans Affairs in Beckley, West Virginia), the agency again informed the appellant "we cannot gain you to our agency until the background investigation is cleared." *Id.* at 64.

The appellant replied, "I understand about the investigation but I had to make a command decision on giving notice where I live. . . . I'll be in Fargo this weekend." *Id.* at 63. The appellant then moved at his own expense from West Virginia to Fargo, and his employing agency obtained permission to back-fill his position.

¶3    However, the early stages of the background check investigation revealed some information that was not resolved to the agency's satisfaction and made it unwilling to sign a Pre-employment National Security Background Waiver. IAF, Tab 1 at 9. The agency therefore withdrew the offer of employment. *Id.*

¶4    The appellant filed an appeal in which he asserted that he had been subjected to a suitability determination. IAF, Tab 1. The administrative judge issued an acknowledgment order in which he informed the appellant that the Board does not have jurisdiction over a nonselection, and he gave the appellant notice of the elements and burdens for proving jurisdiction over his nonselection as an employment practices appeal and a suitability determination. IAF, Tab 2. He also informed the appellant that the Board might have jurisdiction over a nonselection appeal in limited circumstances under the Whistleblower Protection Act (WPA), the Veterans Employment Opportunities Act (VEOA), and the Uniformed Services Employment and Reemployment Rights Act (USERRA). *Id.* In response, the appellant argued that the agency had made a firm offer that was binding and tantamount to an appointment that could not be rescinded without affording him due process. IAF, Tab 4 at 4-5. He also contended that the withdrawal was a violation of a basic requirement for employment practices and a suitability determination. *Id.* The administrative judge dismissed the appeal on the written record upon finding that the appellant failed to make a nonfrivolous allegation of jurisdiction. IAF, Tab 9, Initial Decision (ID) at 1, 5. The appellant petitions for review. Petition for Review (PFR) File, Tab 1.

¶5    It is well-settled that the Board lacks jurisdiction over nonselections. *Alvarez v. Department of Homeland Security*, 112 M.S.P.R. 434, ¶ 6 (2009); *Tines*

*v. Department of the Air Force*, 56 M.S.P.R. 90, 93 (1992). The Board has jurisdiction over suitability determinations, 5 C.F.R. § 731.501, but a "suitability action" is defined as a cancellation of eligibility, a removal, a cancellation of reinstatement eligibility, and a debarment. *Alvarez*, 112 M.S.P.R. 434, ¶ 7. A nonselection for a specific position is not a suitability action, even if it based on reasons similar to the criteria for making suitability determinations set forth at 5 C.F.R. § 731.202. *Alvarez*, 112 M.S.P.R. 434, ¶ 7; 5 C.F.R. § 731.203(b). Therefore, the administrative judge correctly found that the appellant's nonselection was not an appealable suitability action under 5 C.F.R. part 731. ID at 3-4.

¶6       To the extent the appellant claimed below that the agency's action violated a basic requirement for employment practices and is reviewable by the Board, we find that his allegation fails. IAF, Tab 4 at 4. An applicant for employment who believes that an employment practice applied to him by the Office of Personnel Management (OPM) violates a basic requirement in 5 C.F.R. § 300.103 is entitled to appeal to the Board. *Sauser v. Department of Veterans Affairs*, 113 M.S.P.R. 403, ¶ 6 (2010); 5 C.F.R. § 300.104(a). The Board has jurisdiction under 5 C.F.R. § 300.104(a) when two conditions are met: first, the appeal must concern an employment practice that OPM is involved in administering; and second, the appellant must make a nonfrivolous allegation that the employment practice violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103. *Sauser*, 113 M.S.P.R. 403, ¶ 6. "Employment practices," as defined in OPM's regulations, "affect the recruitment, measurement, ranking, and selection" of applicants for positions in the competitive service. 5 C.F.R. § 300.101. The appellant's concerns are about the agency's actions after it selected him, not questions about how it arrived at its decision to select one candidate over another. Thus, he has not identified an employment practice subject to review by the Board.

¶7        Second, the appellant has not alleged that an employment practice was applied to him by OPM, as required by 5 C.F.R. § 300.104(a), or that a valid employment practice administered by OPM was misapplied to him by the agency, as required by *Dowd v. United States*, 713 F.2d 720, 724 (Fed. Cir. 1983).  Third, the appellant has not alleged that an employment practice applied to him violates one of the basic requirements contained in 5 C.F.R. § 300.103.  Finally, the alleged violations do not concern matters related to his status as an applicant for employment prior to his selection.  However, only "candidates" may bring employment practices appeals to the Board under 5 C.F.R. § 300.104(a).  *National Treasury Employees Union v. Office of Personnel Management*, 118 M.S.P.R. 83, ¶ 9 (2012).  Therefore, the appellant has not raised a cognizable employment practices claim within the Board's jurisdiction.

¶8        As the administrative judge correctly stated in his acknowledgment order, the Board has jurisdiction over nonselections in limited circumstances under the WPA, VEOA, and USERRA.  *Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 8 (2012); IAF, Tab 2.  The appellant had the opportunity to raise a claim under one of these authorities but he did not do so, and we do not consider them further.

¶9        The appellant alleged below and reiterates on review that the agency's firm offer could not be withdrawn without affording him due process.  IAF, Tab 4 at 4; PFR File, Tab 1 at 7.  He cites no legal authority for this proposition, and we are aware of none.  He further contends that he made Permanent Change of Station (PCS) arrangements and that the offer was falsely portrayed as a tentative offer.  IAF, Tab 4 at 4-5.  We disagree.  The firm offer email did not contain the word "tentative."  IAF, Tab 1 at 8.  However, the vacancy announcement stated that the position required the successful completion of a background investigation, and the appellant received numerous emails, beginning only a few minutes after the firm offer email, from the agency indicating that he was required to complete a background investigation before he could come on board.  IAF, Tab 9 at 24, 32,

36, 64. The appellant specifically stated that he understood. *Id.* at 63. In order to be appointed to a position in the civil service, an authorized appointing official must formally and unequivocally act to appoint that individual. *Lewis v. General Services Administration*, 54 M.S.P.R. 120, 122 (1992). Although the appellant was selected for the position, the actual appointment was subject to the successful completion of a background investigation; because he did not meet this condition, his selection did not amount to an appointment. *Lewis*, 54 M.S.P.R. at 123. Under the circumstances, the right to due process did not attach.

¶10    Moreover, by describing his relocation in terms of PCS arrangements, the appellant implied that there was some sort of official involvement or responsibility in his move to Fargo. On the contrary, the appellant was well aware that the agency would not pay relocation expenses. The vacancy announcement explicitly stated that relocation expenses would not be authorized. IAF, Tab 9 at 25. Further, when the appellant received an automatically generated email from a "PCS Travel Portal" that had been sent in error, he contacted the agency because he did not expect that he would receive relocation expenses. *Id.* at 53. Even though the agency specifically instructed him that his proposed start date was not set in stone and that the preliminary background investigation process would take 4 to 6 weeks, *id.* at 36, he chose to relocate. The consequences of that decision are his responsibility.

¶11    In his petition for review, the appellant presents documents, some of which are a part of the record below, and some of which are not. Evidence that is already a part of the record is not new. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980). The new documents are mostly dated before the close of the record below. None of the new documents, however, are relevant to the issue of jurisdiction, and we have not relied on them. Additionally, the appellant's arguments on review concerning the matters at issue in his background investigation are not relevant to the issue of jurisdiction.

¶12     Accordingly, we find that the administrative judge correctly dismissed the appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono

representation for Merit Systems Protection Board appellants before the Federal Circuit.   The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                                            Jennifer Everling
                                                            Acting Clerk of the Board

Washington, D.C.